UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCO INTERNATIONAL, LLC,
a Pennsylvania limited liability
company,

        Plaintiff,

v.

COMO-COFFEE, LLC, a Delaware
limited liability company, and
COMOBAR, LLC, a Florida limited
liability company,

        Defendants.
_____/

Case No. 17-cv-10502

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT CRAIG STEEN'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 28) AND DISMISSING STEEN FROM THIS ACTION WITH PREJUDICE

Plaintiff Marco International, LLC ("Marco") claims that Defendants Como-Coffee, LLC ("Como-Coffee"), Comobar, LLC ("Comobar"), and Craig Steen ("Steen"), (collectively Defendants), breached promises and agreements to make certain lump sum and royalty payments to Marco in exchange for a license to use Marco's publicity rights, specifically the name and image of Marco Andretti, in marketing Como-Coffee's products. On June 15, 2018, this Court issued an Opinion and Order denying Defendants' motion filed pursuant Fed. R. Civ. P. 12(b)(1) to

dismiss for lack of personal jurisdiction and improper venue. Defendants then filed Answers to Plaintiff's Complaint.

Defendant Craig Steen now moves for judgment on the pleadings, arguing that the Plaintiff's Complaint fails to state a plausible claim for relief against him. (ECF No. 28, Defendant Craig Steen's Motion to Dismiss.) Plaintiff filed a Response (ECF No. 33) and Steen filed a Reply (ECF No. 36). The Court held a hearing on the motion on February 1, 2018. For the reasons that follow, the Court GRANTS the motion.

I.  **BACKGROUND**

The Court takes the facts for purposes of this motion for judgment on pleadings, as it must, from the allegations of the Plaintiff's Complaint.[1] The Complaint alleges

---

[1] Plaintiff appears to misunderstand the law regarding the documents and evidence a court may consider when ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and/or to dismiss under 12(b)(6). The law is as set forth in this Court's Standard of Review section: The Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015). Plaintiff's assertion that "[d]ocuments that are *of record* with the Court, which in this case include the exhibits to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss [Doc. # 14], are part of the pleadings for all purposes and thus can be considered when ruling on a motion to for judgment on the pleadings." (ECF No. 33, Pl.'s Resp. at 1 n. 2, PgID 434.) (Emphasis added.) Neither Fed. R. Civ. P. 10(c) nor *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), the authority on which Plaintiff relies for this proposition of law, says any such thing. *Jackson* (which

that on or about January 26, 2015, Marco and Como-Coffee entered into an Agreement in which Como-Coffee was granted a license to use Marco's rights of publicity in exchange for guaranteed payments and royalties. (ECF No. 1, Compl. ¶ 11, Ex. 2, Jan. 26, 2015 Agreement.) Defendant Como-Bar executed a Guaranty agreeing to pay the liabilities and obligations of Como-Coffee under the Agreement. (Compl. ¶ 12.) The Complaint alleges that amounts due under the Agreement were payable to Marco in Oakland County, Michigan. (Compl. ¶ 6, Ex. 1, Jan. 11, 2016

---

in any event was reversed by the Sixth Circuit on other grounds which should have been noted by Plaintiff) simply restates the well-accepted standard set forth in this Court's Standard of Review, i.e. "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson*, 194 F.3d at 745. Rule 10(c) merely provides that a statement made *in a pleading* may be adopted by reference elsewhere and that a copy of a written instrument that is an exhibit *to a pleading* is a part of the *pleading* for all purposes. Documents that constitute "pleadings" are specifically enumerated in Fed. R. Civ. P. 7(a), and a motion (or a response to a motion) is *not* a pleading. None of the emails or other evidence that Plaintiff relies on in its opposition to Steen's motion was referenced in or attached to Plaintiff's Complaint in this matter, nor are any of these materials public records or matters of which this Court can take judicial notice. That the Court previously considered this evidence when deciding a motion to dismiss based on lack of personal jurisdiction (a motion decided under a different standard that allows the court to consider evidence outside the pleadings) does not make it permissible for consideration on a motion under Rule 12(c), which relies solely on the pleadings and matters referenced therein. The Court is aware of no authority to support Plaintiff's assertion that documents that are "of record" with the Court because Plaintiff happened to attach them to a motion are made a part of the pleadings. The standard of review applicable here requires the Court to accept as true the allegations of Plaintiff's Complaint, and all reasonable factual inferences from those facts, and does not require or permit the Court to consider emails that were attached to prior submissions by the parties that are not part of a pleading.

Letter and Invoice.) The Complaint alleges that the Agreement called for three (3) $45,000 Minimum Annual Guarantee payments to be paid by Como-Coffee to Marco. The Complaint alleges that except for one payment of $1,000.00, none of the payments agreed to under the Agreement have been made. (Compl. ¶¶ 16-17.) Marco claims in the Complaint that at least $134, 000.00 is due and owing as a result of Defendants' failures to pay under the terms of the Agreement. (Compl. ¶ 18.)

Marco alleges three separate Counts in the Complaint: Count I for Breach of Contract against Como-Coffee; Count II for Breach of Contract against Comobar on the Guaranty; and Count III against Craig Steen "Fraud (Bad Faith Promise)." Only Count III against Steen is at issue in this motion for judgment on the pleadings. Count III alleges that Steen "repeatedly promised [Marco] that Como-Coffee and Comobar would make the payments required by the Agreement." Count III further alleges that at the time Steen made these promises, he knew neither Como-Coffee nor Comobar had any intention to make the payments required under the Agreement, and that Steen made these statements with the intent that Marco would rely on them, and that Marco did rely on them. (Compl. ¶¶ 29-32.) The only documents attached to the Complaint are the January 11, 2016 request for the 2015 Minimum Annual Guaranty payment under the Agreement to Craig Steen and the accompanying January 11, 2016 Invoice. (Compl. Exs. 1, 2.)

## II. STANDARD OF REVIEW

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same . . . ." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).

When reviewing a motion to dismiss under Rule 12(b)(6), and therefore under Rule 12(c), a court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal quotation marks and citations omitted). *See also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510

F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal quotation marks and citations omitted) (alteration in original). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678." Thus, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of*

*Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (Internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where

the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III. ANALYSIS

Steen now argues that, assuming all of the allegations of Plaintiff's Complaint to be true, the Complaint does not state a plausible claim for relief against Steen because: (1) any fraud claim is barred by the *Hart/*Economic Loss doctrine; (2) Steen is protected from personal liability under the Michigan limited liability statute; and (3) Plaintiff's claim against Steen in Count III of the Complaint fails to allege fraud with any specificity.

**A. Plaintiff's Fraud Claim Against Steen is Barred by The *Hart* Doctrine**

This is a breach of contract case. "Generally, under Michigan law, a plaintiff '[may] not maintain an action in tort for nonperformance of a contract.'" *DBI Investments, LLC v. Blavin*, 617 F. App'x 374, 382 (6th Cir. 2015) (quoting *Ferrett v. Gen. Motors Corp.*, 438 Mich. 235, 475 N.W.2d 243, 247 (1991)). Generally,

"Michigan courts have rejected tort claims based on negligent performance or nonperformance of a contract resulting in only economic harm, a rule sometimes called the 'economic loss doctrine.'" *Id.* (citing in part *Hart v. Ludwig*, 347 Mich. 559 (1956)). In *Hart*, the Michigan Supreme Court explained that "[t]he action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise." 347 Mich. at 563. The Court explained further:

> What we are left with is defendant's failure to complete his contracted-for performance. This is not a duty imposed by the law upon all, the violation of which gives rise to a tort action, but a duty arising out of the intentions of the parties themselves and owed only to those specific individuals to whom the promise runs. A tort action will not lie.

347 Mich. at 566.

"Not all tort claims, however, are barred by the existence of a contract." *DBI Investments*, 617 F. App'x at 381. If a tort claim alleges a duty separate and distinct from the defendant's contractual obligations, a separate tort claim may lie. *Id.* The Sixth Circuit explained the *Hart* contract/tort distinction in *Brock v. Consolidated Biomedical Laboratories*, 817 F.2d 24 (6th Cir. 1987), rejecting the district court's recognition of plaintiff's "negligent performance of contract" claim. The Sixth Circuit explained that under *Hart*, no such claim could exist:

> The law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract. *Haas v. Montgomery Ward & Co.*, 812 F.2d 1015 (6th Cir.1987); *Kewin v.*

9

*Massachusetts Mutual Life Insurance Co.*, 409 Mich. 401, 295 N.W.2d 50 (1980); *Hart v. Ludwig*, 347 Mich. 559, 79 N.W.2d 895 (1957); *Brewster v. Martin Marietta Aluminum Sales, Inc.*, 145 Mich. App. 641, 378 N.W.2d 558 (1985). In *Hart*, Michigan's highest court noted the distinction between the legal duty which arises by operation of a contract and the fundamental concept of a legal duty to avoid conduct which creates liability in tort. "[I]f a relation exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not." *Hart*, 347 Mich. at 565, 79 N.W.2d at 898 (quoting W. Prosser, Handbook of Torts, § 33 at 205 (1st ed. 1941)).

In *Brewster*, the plaintiff's cause of action arose from the breach of a contractual obligation. The Court held that the plaintiff's cause of action was in contract, not in tort because "[a] relationship did not exist ... which would give rise to a legal duty without enforcement of the contract promise itself." *Brewster*, 145 Mich. App. at 668, 378 N.W.2d at 569. In the present case, defendant's duty to Dr. Brock was a function of the contract between the parties. In the absence of this contract, the harm Dr. Brock complains of would not exist.

Plaintiffs rely on *Schipani v. Ford Motor Co.*, 102 Mich. App. 606, 302 N.W.2d 307 (1981), and *Chamberlain v. Bissell, Inc.*, 547 F. Supp. 1067 (W.D. Mich. 1982), to argue that negligent performance of a contract constitutes a tort. This reliance is seriously misplaced. While *Schipani* points out that a breach of contract may also be a tort, it does not address the salient feature of *Haas*, *Hart*, and *Brewster*: an action in tort will not arise for a breach of contract unless the action in tort would arise independent of the existence of the contract. In its discussion of tort liability, plaintiffs' own authority, *Chamberlain*, states, "There must be some breach of duty distinct from breach of contract." *Chamberlain*, 547 F.Supp. at 1081 (quoting *Hart v. Ludwig*, 347 Mich. at 563, 79 N.W.2d 895) (citation omitted) (emphasis in original). Plaintiffs' claim in tort cannot exist under Michigan law because plaintiffs do not claim that the defendant has caused any harm in the realm beyond the contract.

Prosser demarcates the boundary between contract and tort as follows:

> Tort obligations are in general obligations that are imposed by law on policy considerations to avoid some kind of loss to others. They are obligations imposed apart from ... any manifested intention of parties to a contract or other bargaining transaction. Therefore, if the alleged obligation to do or not to do something that was breached could not have existed but for a manifested intent, then contract law should be the only theory upon which liability would be imposed.

817 F.2d at 25-26 (quoting W. Keeton, D. Dobbs, R. Keeton, D. Owen, Prosser and Keeton on the Law of Torts, § 92 at 656 (5th ed. 1984) (emphasis in original)). Thus, if the alleged tort claim would not exist absent the contract, and the harm claimed does not extend "beyond the realm" of the contract, no action in tort will lie.

"Michigan courts have recognized fraudulent inducement as an exception to the [*Hart/*] economic loss doctrine."[2] *DBI Investments*, 617 F. App'x at 381. "[F]raud in the inducement 'addresses the situation where the claim is that one party was tricked into contracting' and is 'based on pre-contractual conduct which is, under the law, a recognized tort.'" *Id.* at 382 (quoting *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc*, 209 Mich. App. 365, 532 N.W.2d 541, 544 (2008)). "[A] claim of fraud

---

[2] The contract/tort distinction announced in *Hart* has been applied in the context of commercial transactions under the label of the "economic loss doctrine." *Rinaldo's Constr. Corp. v. Michigan Bell Telephone*, 454 Mich. 65 (1997). "In addition to acknowledging this distinction at least as far back as *Hart*, the distinction has more recently been applied to sales contracts under the UCC under the rubric of the 'economic loss doctrine.'" *Rinaldo*, 454 Mich. at 84-85 (citing *Neibarger v. Universal Cooperatives*, 439 Mich. 512, 527, 486 N.W.2d 612 (1992)).

11

in the inducement, by definition, redresses misrepresentations that induce the buyer to enter into a contract but that do not in themselves constitute contract or warranty terms subsequently breached by the seller." *Huron Tool*, 209 Mich. App. at 375. "Claims of fraud 'extraneous to the contract' are permissible, whereas 'fraud interwoven with the breach of contract' cannot support an independent claim." *DBI Investments*, 617 F. App'x at 382 (quoting *Huron Tool*, 532 N.W.2d at 545). "[F]raud in the inducement is not available for a breach of a contract's terms, lest fraud in the inducement swallow all breach-of-contract claims." *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 304 (6th Cir. 2008).

Here, Plaintiff is complaining about the Defendants' failure to make the payments agreed to under the contract. The obligation to make the payments that Steen allegedly falsely promised would be made arises solely out of the Agreement. Plaintiff did not plead facts that plausibly allege that Steen breached some duty independent of the duty to perform under the Agreement. This is underscored by the fact that the damage amount that Plaintiff claims in the Fraud Count against Steen as a result of the alleged fraud is the same, $134,000, as the amount claimed in the breach of contract Counts against Como-Coffee and Comobar.

Even if the Court were to consider the "email" promises on which Plaintiff improperly seeks to rely in response to this Rule 12(c) motion (the Court emphasizes

that it need not and does not rely on these emails (none of which are referenced in the Complaint) or on any evidence outside the Complaint and its two attachments – the Agreement and an invoice for payment of the January Minimum Annual Guaranty) the Court would conclude that none of this evidence is sufficient to plausibly allege a claim of fraudulent inducement that would take this case outside of the *Hart* doctrine. Plaintiff concedes that these "promises" were "regarding payments [due under the Agreement] that would be made to [Marco] and regarding the performance of Como-Coffee and Comobar under the Agreement." (ECF No. 33, Pl.'s Resp. at 6, PgID 439.) Misrepresentations that relate to obligations created under the Agreement cannot serve as the basis for a separate and independent tort claim. But for the parties entering into the Agreement, there would be no claim for damages where the allegedly fraudulent conduct related solely to the Agreement and to the alleged failures to perform under that Agreement.[3]

---

[3] Marco captions its fraud Count against Steen as "Fraud (Bad Faith Promise)." But any claim based on a bad faith promise requires allegations of a "'present undisclosed intent not to perform.'" *DBI Investments*, 617 F. App'x at 383 (quoting *Foreman v. Foreman*, 266 Mich. App. 132, 701 N.W.2d 167, 175 (2005)). A complaint that alleges partial performance of the contract necessarily defeats such a claim. *Id*. "[A] general allegation of 'bad faith' cannot overcome the other pertinent allegations in th[e] complaint." *Id*. Here Plaintiff alleges that there was partial payment under the Agreement. (Compl. ¶ 17.) Plaintiff cannot establish that Steen had an intent not to perform at the time of execution of the Agreement given the allegations of the Complaint that concede partial performance.

**B. The Michigan Limited Liability Act, Which Provides a Shield From Liability for Members and Managers "Unless Otherwise Provided by Law," Is Not Determinative Here Where Plaintiff Has Failed to Allege a Plausible Tort Claim Against Steen**

Steen also argues that he cannot be held liable in his personal capacity because as the managing member of a limited liability company, he is shielded from liability in this case under Mich. Comp. Laws §450.4501(4), which provides as follows: "Unless otherwise provided by law or in an operating agreement, a person that is a member or manager, or both, of a limited liability company is not liable for the acts, debts, or obligations of the limited liability company." Steen leaves out an important prefatory phrase when quoting the Michigan statute: "Unless otherwise provided by law . . . ." At least one court in this District has observed that this shield of limited liability is "not bulletproof." In *Thiel v. Baby Matters, LLC*, No. 11-15112, 2013 WL 5913394 (E.D. Mich. Oct. 31, 2013), Judge Avern Cohn of this District relied on *Waun v. Universal Coin Laundry Mach. Inc.*, No. 267954, 2006 WL 2742007, at *11 (Mich. Ct. App. Sept. 26, 2006), in which the Michigan Court of Appeals expressly allowed an exception to the limited liability otherwise provided by § 450.4501(4), applying "the familiar principle that agents and officers of a corporation are liable for the torts that they personally commit," and concluding that "this well-accepted principle of law regarding individual tort liability and business entities should apply in relationship to

14

the "unless otherwise provided by law" exception of MCL 450.4501([4])." ) (alteration added). Thus, standing alone, Mich. Comp. Laws § 450.4501(4) may not absolutely shield Steen from claims against him individually solely because he is a managing member of a Michigan limited liability company. However, because the Court concludes that Plaintiff has not alleged a plausible tort claim against Steen, it declines to address this issue.

    **C.    Even if Not Barred by the *Hart* Doctrine, Plaintiff Fails to Plead Its Fraud Claim Against Steen With Sufficient Particularity**

When pleading a claim for fraud, Plaintiff faces additional burdens imposed by Fed. R. Civ. P. 9(b) to plead such a claim "with particularity," addressing each element of the fraud and specifying "the who, what, when, where, why and how of the alleged fraud." *Freund v. Deutsche Bank Nat'l Trust Co.*, No. 13-13488, 2014 WL 12658843, at *3 (E.D. Mich. Oct. 22, 2014). Here, Count III contains generic, barebones allegations that fail to meet the pleading standards of *Twombly/Iqbal* and also fail to satisfy Fed. R. Civ. P. Rule 9(b)'s heightened requirements for pleading claims of fraud.

Moreover, even if Plaintiff did intend to assert fraudulent inducement as a means around the *Hart* doctrine, Count III does not even purport to allege such a claim nor does that Count recite in anything but a generic, barebones fashion the elements necessary to establish fraudulent inducement, i.e. that Steen made a material false

15

misrepresentation, that Steen knew it was false at the time he made it, that Steen made the false representation with the intent that Plaintiff would rely on it, that Plaintiff did rely on it and suffered damage. Such formulaic pleading is insufficient. *See Custom Data Solutions, Inc. v. Preferred Capital, Inc.*, 274 Mich. App. 239, 243 (2006). Plaintiff's general reference that Steen "promised" to make the payments guaranteed under the Agreement does not permit the Court to do anything more than infer the who, what, when, and where of these "promises."

Finally, even if Plaintiff had pleaded fraud in the inducement with sufficient particularity and alleged a plausible claim, the remedy available to a defrauded party is voiding the contract at the option of the defrauded party. "Fraud in the inducement to enter a contract renders the contract voidable at the option of the defrauded party." *Custom Data*, 274 Mich. App. at 243. Here, Plaintiff seeks to enforce, not void, the Agreement.

### D. Leave to Amend Will Not be Granted

Nor will the Court entertain Plaintiff's "suggestion" in the body of its Response that it be granted leave to amend the Complaint. First, Plaintiff was required to file a separate motion seeking leave to amend the Complaint and to attach to that motion a proposed amended complaint. *See Louisiana School Employees Retirement Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("A request for leave to amend

16

almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.") (ellipsis in original) (internal quotation marks and citation omitted); E.D. Mich. L. R. 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion."). *See also Shaw v. City of Riverview*, No. 16-11693, 2016 WL 5340786, at *5 (E.D. Mich. Sept. 23, 2016) (noting "the Sixth Circuit's disfavor of a such a bare request in lieu of a properly filed motion for leave to amend") (internal quotation marks and citations omitted).

In addition, in the parties' Joint Discovery Plan, filed with the Court on August 4, 2017, the parties self-imposed a deadline for amendments to pleadings of September 29, 2017. (ECF No. 25, 8/4/17 Joint Discovery Plan ¶ 5.) In that Joint Discovery Plan, Plaintiff expressly disclosed that it did not anticipate amendments to the pleadings at that time, despite the fact that Defendants disclosed in the next paragraph of that Joint Discovery Plan that Steen anticipated filing a motion for sanctions under Rule 11 because Plaintiff's "Fraud (Bad Faith Promise) claim was not warranted by existing law." (*Id.* ¶ 6.)

Thus, despite being made aware that Steen considered the Fraud Count against him baseless, Plaintiff did not seek leave to amend to shore up that barebones claim in any way at that time. The Court declines to entertain Plaintiff's "aside" that it would

17

like the opportunity to amend to put flesh on the bones of the fraud claim and will not entertain a motion for leave to amend Count III of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Steen's motion for judgment on the pleadings as to the sole Count of the Complaint against him (Count III) and DISMISSES him from this action WITH PREJUDICE.

IT IS SO ORDERED.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: April 16, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 16, 2018.

                                            s/Deborah Tofil
                                            Case Manager